EL CAJON PORTLAND CEMENT CO. et al. v. ROBERT F. WENTZ ENGINEERING CO.

(Circuit Court of Appeals, Sixth Circuit. December 23, 1908.)

No. 1,825.

1. CORPORATIONS (§ 298*)—CONVEYANCES—VALIDITY—ATTACK BY CREDITORS.
Where a conveyance by a corporation was made in good faith and was acquiesced in by the stockholders, corporate creditors could not question its validity because authorized by less than a majority of the board of directors, pursuant to a by-law that no member of the board should vote on questions in which he was interested otherwise than as a stockholder, and that, if the retirement of an interested member of the board reduced the number below a quorum, the question might be decided by those remaining.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1303; Dec. Dig. § 298.*]

2. CORPORATIONS (§ 545*)—INSOLVENCY—CONVEYANCE TO DIRECTOR—PREFERENCE.
A conveyance by an insolvent corporation to a creditor, who was a director, was not invalid under the law of Michigan because it constituted a preference.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2170–2175; Dec. Dig. § 545.*]

3. CORPORATIONS (§ 545*)—INSOLVENCY—CONVEYANCE TO DIRECTOR—GOOD FAITH.
Where an insolvent corporation conveyed certain real estate to a bona fide creditor, who was also a director, and it did not appear that the land was of greater value than the debt, the conveyance was valid, though the bona fides of such a transaction must be subjected to the closest scrutiny.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2170–2175; Dec. Dig. § 545.*]

4. CORPORATIONS (§ 30*)—PROMOTERS—LIABILITY TO CREDITORS.
The personal liability of a director of a corporation to creditors for misconduct as a promoter in loading the corporation with land at an exaggerated value and as the holder of unpaid shares is to be considered only in a proceeding on behalf of the corporation's creditors generally, and not in a suit by one creditor to set aside a conveyance of certain of the corporation's property to him in payment of his indebtedness.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 99; Dec. Dig. 30.*

Acts of corporators and promoters, see note to Yeiser v. United States Board & Paper Co., 46 C. C. A. 576.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Eastern District of Michigan.

William Lucking and Alfred Lucking, for appellants.

J. C. Spaulding, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. The appellant El Cajon Portland Cement Company is a Michigan corporation organized for the purpose of the manufacture and sale of Portland cement. On February 14, 1906, this company was indebted to H. Kimball Loud, its secretary and treasurer, in the sum of $1,922.82, money advanced to defray current expenses and to meet construction accounts. The appellee, the Robert F. Wentz Engineering Company, was on February 14, 1906, a general creditor of the same company. The engineering company had a contract with the cement company to construct its plant, and on February 20, 1906, secured a judgment for $3,916.25 damages against the cement company for the failure to carry out its contract with the engineering company for the construction of the cement plant and the loss of profits which resulted.

Previous to this, on February 14, 1906, the cement company, by a resolution of its board of directors, at a regular meeting held in the office at Au Sable, authorized the conveyance of 395 acres of its 435 acres, on which is situated the partially constructed walls of its plant, to H. Kimball Loud, in full payment of its indebtedness to him. The deeds were executed by the proper officers of the cement company and recorded on February 15, 1906. There were present at the meeting of the cement company's board of directors the following: George B. Loud, R. A. Richards, Selig Solomon, H. Kimball Loud, and John McKenney, constituting a quorum. Upon the question of the payment of the cement company's indebtedness to H. Kimball Loud coming up for consideration, Loud retired to an adjoining room, pursuant to provision No. 14 of the by-laws of the company, as follows:

"No member of the board shall vote on questions in which he is interested, otherwise than as a stockholder, except the election of officers, or be present at the board meeting while the same is being considered. But if his retiring from the board in such cases reduces the number below a quorum, the question may be decided by those who remain."

That the cement company owed H. Kimball Loud the sum of $1,922.82 at the time the conveyances to him were authorized is not seriously questioned. On June 20, 1906, the engineering company, having a judgment against the cement company for $3,916.25 damages under its contract, filed a bill in aid of execution, making the cement company and H. Kimball Loud, grantee under the conveyances, parties defendant. On July 15, 1907, the court below entered a decree setting aside the deeds to H. Kimball Loud, for the alleged reason that they were executed without lawful authority, and were therefore void. The decree authorized it to proceed on its writ of fieri facias, and the United States marshal, to sell the 395 acres, according to law, to satisfy the creditor's judgment. The cause is here for review.

The bill of complaint sets up two grounds of relief: First, that the

deeds are void from want of authority from the defendant corporation, or its legally organized board of directors, for their execution; second, that they were made in fraud of creditors, and therefore void as against the complainant's execution levy. The court below granted the relief prayed on the ground that the deeds were unauthorized, not passing upon the question as to whether there was or was not any fraud committed.

We are not prepared to hold that the by-law which constituted a quorum of less than a majority of the board, where the number was reduced by the withdrawal of a director expressly interested in a proposed action, is not binding upon the corporation and its stockholders. But this we need not decide, for the conveyance made in pursuance of that action of the board has not been attacked by the corporation or its stockholders, but has been acquiesced in and the conveyance upheld by the answer of the corporation herein. Under such circumstances it is not open to a creditor to question the conveyance, if in fact it was made in good faith. Neither does the fact that the creditor preferred was a director and the corporation insolvent make the preference void under the well-settled law of Michigan, which this court is obligated to follow. Brown v. Grand Rapids Furniture Co., 58 Fed. 286, 7 C. C. A. 225, 22 L. R. A. 817, and cases therein cited.

The fact that the corporation was insolvent and that the creditor preferred was a director requires that the circumstances of the conveyance and the bona fides of the transaction shall be subjected to the closest scrutiny, for in all such preferences the utmost good faith is required. But even under this rule we find no sufficient reason for holding that a case of bad faith is made out. The bona fides of the indebtedness of the corporation to Loud is not seriously challenged. That the value of the land upon which the plant was to be situated had been much overestimated by the promoters, including Loud, who had received an exaggerated stock valuation for his interest, is undoubtedly a circumstance tending to show that he had received the land back in payment of his debt at less than its actual value. But this is overcome by the great weight of evidence as to the present market value. The enterprise had proved a failure. Little of value had been added to the land, which appears to have been worth not more than Loud took it for in the then condition of the affairs of the company.

The questions, suggested by counsel, of Loud's liability to creditors for his conduct as a promoter in loading the corporation down with the land at an exaggerated and unreal value, as well as his liability as the holder of unpaid shares, are all questions which are foreign to the proceeding, and proper for a proceeding in behalf of creditors generally.

The decree of the Circuit Court is reversed, and the cause remanded, with direction to dismiss the bill.